**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SHAMU DOMINGO MARTIN,

    Petitioner,
                                     Civil No. 2:07-14747
                                       HONORABLE LAWRENCE P. ZATKOFF
v.                                        UNITED STATES DISTRICT JUDGE

JOHN PRELESNIK,

    Respondent,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Shamu Domingo Martin, ("petitioner"), presently confined at the Handlon Correctional Facility in Ionia, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed by attorney John W. Groves, petitioner challenges his conviction for second-degree murder, Mich. Comp. Laws. § 750.317. Respondent has filed a motion to dismiss on the ground that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner has filed a response to the motion to dismiss. For the reasons stated below, petitioner's application for a writ of habeas corpus is summarily dismissed.

**I. Background**

Petitioner was convicted of the above charge following a jury trial in the Wayne County Circuit Court.

Petitioner's direct appeals with the Michigan courts ended on July 28, 2003, when the Michigan Supreme Court denied him leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals. *People v. Martin*, 666 N.W. 2d 672 (Mich. 2003).

On October 1, 2004, petitioner filed a post-conviction motion for relief from judgment

1

pursuant to Mich. Ct. R. 6.500 *et. seq*. After the trial court and the Michigan Court of Appeals denied petitioner's application for post-conviction relief, state post-conviction proceedings were concluded when the Michigan Supreme Court denied petitioner's motion for reconsideration of the denial of his post-conviction application for leave to appeal on February 27, 2007. *People v. Martin*, 727 N.W. 2d 592 (Mich. 2007). The instant petition was filed by counsel on November 5, 2007.

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed when it has not been filed within the one-year statute of limitations. *See Holloway v. Jones*, 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

Petitioner's direct appeals with the Michigan courts were completed on July 28, 2003, when the Michigan Supreme Court affirmed his conviction. Petitioner's conviction therefore became final for purposes of section 2244(d)(1) when the ninety-day time period for filing a petition for writ of certiorari in the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283

(6th Cir. 2000). Petitioner's judgment became final on October 26, 2003, when he failed to file a petition for writ of certiorari with the United States Supreme Court. *See Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). Petitioner therefore had until October 26, 2004, to file his petition in compliance with the statute of limitations unless the one-year period was somehow tolled.

In the present case, petitioner filed a post-conviction motion for relief from judgment with the state trial court on October 1, 2004, after three-hundred-and-forty days had already elapsed on the one-year statute of limitations. 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted toward the period of limitations contained in the statute. *See Corbin v. Straub*, 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001). A post-conviction application remains pending in the state courts, for purposes of § 2244(d)(2), until it "has acheived final resolution through the state's post-conviction procedures." *Carey v. Safford*, 536 U.S. 214, 220 (2002).

Although the time during which a properly filed application for collateral review is pending in the state courts is excluded from the one-year limitations period, the limitations period is not reset upon the conclusion of state collateral review. *See Neal v. Bock*, 137 F. Supp. 2d 879, 884 (E.D. Mich. 2001). Section 2244(d)(2)'s tolling provision cannot "revive" the limitations period but can only "pause a clock that has not fully run." *See Vroman v. Brigano*, 346 F. 3d 598, 602 (6th Cir. 2003) (internal quotation omitted). Thus, although the filing of petitioner's motion for relief from judgment may have tolled the running of the one-year statute, it would not cause the statute to begin running anew when the state court denied the motion. *See Searcy v. Carter*, 246 F. 3d 515, 519 (6th Cir. 2001). Thus, petitioner did not have one year following the denial of his post-conviction motion to file his petition with this Court because the one-year limitations period under the AEDPA begins

3

to run at the conclusion of the direct review of a habeas petitioner's conviction and not on the date on which a habeas petitioner has exhausted all of his state post-conviction remedies. *See Payton v. Brigano*, 256 F. 3d 405, 408 (6th Cir. 2001). The tolling of the AEDPA's one-year statute of limitations ended in this case when the Michigan Supreme Court denied petitioner's motion to reconsider the denial of his post-conviction application for leave to appeal on February 27, 2007. *See Hudson v. Jones*, 35 F. Supp. 2d 986, 988–89 (E.D. Mich. 1999). Petitioner had twenty-five days remaining from this date, which would have been no later than March 24, 2007, to file his petition with this Court. Because the instant petition was not filed until over seven months later on November 5, 2007, the petition is untimely and was not filed in compliance with the AEDPA's one-year statute of limitations. [1]

The one-year limitations period under the AEDPA is considered a statute of limitations that is subject to equitable tolling, and it is not a jurisdictional prerequisite that would bar review by the federal courts if not met. *See Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001). The doctrine of equitable tolling should be used "sparingly," and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at 1010. A habeas petitioner bears the burden of establishing that he is entitled to the equitable tolling of the one-year limitations period. *See Jurado v. Burt*, 337 F. 3d 638, 642 (6th Cir. 2003).

Petitioner's counsel argues that the untimely filing in this case should be excused because

---

[1] Petitioner would not have had the ninety-day period for seeking a writ of certiorari following the Michigan Supreme Court's decision to deny petitioner's application for post-conviction relief subtracted from the calculation of the one-year limitations period. 28 U.S.C. § 2244(d)(2) does not toll the limitations period from the time that state post-conviction relief is denied by the state supreme court until the time in which a petitioner could have filed a petition for writ of certiorari with the United States Supreme Court. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083–85 (2007).

4

of counsel's failure to understand the federal court's new electronic filing requirements, his inability to "be up to speed on technological changes in electronic filing," and counsel's mistaken belief that the habeas petition and brief had to be filed electronically.

Attorney miscalculation is simply not sufficient to warrant equitable tolling of the one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment, particularly in the post-conviction context where prisoners have no constitutional right to counsel. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756–57 (1991)). As a general rule, "a lawyer's mistake is not a valid basis for equitable tolling." *Jurado*, 337 F. 3d at 644 (quoting *Whalen v. Randle*, 37 Fed. Appx. 113, 120 (6th Cir. 2002)). Because there is no constitutional right to the assistance of counsel in post-conviction proceedings, counsel's failure to file a timely habeas petition on petitioner's behalf would not toll the statute of limitations. *See, e.g.*, *Brown v. United States*, 20 Fed. Appx. 373, 375 (6th Cir. 2001).

Petitioner next contends that application of the one-year statute of limitations violates the Suspension Clause of the United States Constitution. *See* U.S. Const. Art. I, § 9 cl. 2. Applying the one-year time limitations period contained within the AEDPA does not violate the Suspension Clause. *See Ferguson v. Palmateer*, 321 F. 3d 820, 823 (9th Cir. 2003); *Lucidore v. N.Y. State Div. of Parole*, 209 F. 3d 107, 113 (2d Cir. 2000); *Turner v. Johnson*, 177 F. 3d 390, 392–93 (5th Cir. 1999); *Thomas v. Straub*, 10 F. Supp. 2d at 836.

In a related argument, petitioner contends that it would be erroneous to dismiss his habeas petition as time-barred without addressing the merits of his underlying claims. The AEDPA's statute of limitations must be complied with by a habeas petitioner before a federal court can address the merits of the habeas petition itself. *See Sweger v. Chesney*, 294 F. 3d 506, 518–19 (3d Cir.

5

2002). A merits decision is unnecessary where a district court denies a habeas petition on statute-of-limitations grounds. *See Bachman v. Bagley*, 487 F.3d 979, 982 (6th Cir. 2007). Because petitioner's habeas application is untimely, the Court need not address the merits of petitioner's substantive claims.

Lastly, petitioner contends that he maintains his innocence for the crime for which he was convicted. Although the one-year statute of limitations may be equitably tolled based on a credible showing of actual innocence, see *Souter v. Jones*, 395 F. 3d 577, 599–600 (6th Cir. 2005), petitioner's case falls outside of the actual-innocence tolling exception enunciated in *Souter* because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005). Although petitioner challenges the legal sufficiency of the evidence to convict him on this charge, petitioner's sufficiency-of-evidence claim cannot be considered by this Court in determining whether an actual-innocence exception exists for purposes of tolling the statute of limitations period. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 773 (E.D. Mich. 2003). In addition, although petitioner has pointed out inconsistencies in the testimony of the main prosecution witness, evidence that merely impeaches a witness is insufficient to support a claim of actual innocence. *See Harris v. Stegall*, 157 F. Supp. 2d 743, 750–51 (E.D. Mich. 2001). Petitioner has therefore failed to establish that he is actually innocent of the crime for which he was convicted so as to toll the limitations period.

### III. ORDER

Accordingly, the Court DISMISSES WITH PREJUDICE the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1). The Court declines to issue a certificate of appealability because reasonable jurists would not debate whether the petition states a valid claim of the denial

of a constitutional right and whether the Court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).


           s/Lawrence P. Zatkoff
           LAWRENCE P. ZATKOFF
           UNITED STATES DISTRICT JUDGE

Dated: July 9, 2008

## CERTIFICATE OF SERVICE

  The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 9, 2008.

           s/Marie E. Verlinde
           Case Manager
           (810) 984-3290