# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SHAMU DOMINGO MARTIN,

        Petitioner,

v.                                            CASE NO. 07-14747
                                             HON. LAWRENCE P. ZATKOFF

JOHN PRELESNIK,

        Respondent.

_____/

## ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY

Petitioner Shamu Domingo Martin has appealed the Court's opinion and judgment denying his habeas corpus petition. Currently pending before the Court is Petitioner's application for certificate of appealability [dkt 11].

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a substantial showing, a petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner raised six primary issues in his petition for habeas corpus:

1.      Mr. Martin's conviction for second degree murder violates his state and federal rights to be free from conviction in the absence of proof beyond and [sic] reasonable

doubt, both in terms of identification of Mr. Martin as the perpetrator and/or proof on the essential element of intent.

2. Reversible error was committed and Shamu Martin was denied his federal and state constitutional rights to due process because there was insufficient evidence with which to convict him of second degree murder when the jury unduly relied on one key prosecution witness who lied under oath and changed his testimony so many times as to render his testimony completely unreliable.

3. Where the evidence overwhelmingly shows that appellant Martin was not the perpetrator of the crime; or that he in any way acted as an aider and abettor, trial and appellate's counsel's failure to preserve the 'great weight' issues by preserving it before the trial court constitutes ineffective assistance of counsel under the state and federal constitutions, requiring reversal. All Mr. Martin needed to do was establish reasonable doubt. The jury must be instructed that it may only convict if the prosecution establishes that the defendant is guilty beyond a reasonable doubt and that its decision must be based on a *careful examination of all the evidence*. It is not necessary to provide evidence that, if believed, would make it impossible for the defendant to have committed a crime to create a reasonable doubt.

4. Reversible error was committed and Shamu Martin was denied his state and federal constitutional rights to due process because the trial court [erred] in refusing to instruct on the necessarily lesser included offense of voluntary manslaughter when a rational view of the evidence supports that instruction.

5. The trial court committed plain error in instructing the jury that Shamu Martin could be guilty as an aider and abettor without proof of the existence of a principle [sic] other than Mr. Martin or the alleged accomplice's guilty intent caused manifest injustice warranting reversal; and where the court failed to give supplemental instructions on the underlying murder counts and by failing to instruct on proof of all elements beyond a reasonable doubt.

6. Mr. Martin was deprived of due process, his right to appeal, and to the effective assistance of counsel on appeal and this court should treat this case as an appeal of right, or in the alternative Mr. Martin has shown "good cause", as required by MCR 6.508(D)(3)(A), for failure to allege presently raised grounds for relief on direct appeal.

The Court has reviewed each issue as well as the supporting materials. For the reasons stated in the Court's July 9, 2008, opinion and order, a certificate of appealability is DENIED because reasonable jurists would not debate whether the petition states a valid claim of the denial of a

constitutional right or whether the Court was correct on its procedural ruling.

Accordingly, IT IS ORDERED that no certificate of appealability shall issue in this matter.

IT IS SO ORDERED.

                                                      S/Lawrence P. Zatkoff
                                                      LAWRENCE P. ZATKOFF
                                                      UNITED STATES DISTRICT JUDGE

Dated: September 5, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 5, 2008.

                                                        S/Marie E. Verlinde
                                                      Case Manager
                                                      (810) 984-3290